IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

UNITED STATES OF AMERICA,

    Respondent,

V.                                         CRIMINAL NO. 3:98-00040-01
                                                 (CIVIL ACTION NO. 3:05-0080)

ERNIE RAY HOLLEY,

    Movant.

**FINDINGS AND RECOMMENDATION**

On July 17, 1998, following an earlier plea of guilty to a count in an indictment charging conspiracy to possess and distribute marijuana and cocaine, Ernie Ray Holley was sentenced by the court to ninety-seven months imprisonment to be followed by a term of four years supervised release. In April of 1999 his sentence was affirmed by the Court of Appeals for the Fourth Circuit, and a petition for writ of certiorari was denied by the Supreme Court on June 14, 1999. Subsequently, on January 28, 2005, Holley filed a motion, treated by the Court as a motion filed under the provisions of 28 U.S.C. §2255,[1] in which he asserts that his sentence was unconstitutionally enhanced under Section 2D1.1(b)(1) of the sentencing guidelines, which provides for an increase in the offense level when the Court finds, as it did in this case, that a defendant

---

[1] While there are circumstances under which a petitioner may attack a conviction under 28 U.S.C. §2241, such circumstances are not present here. See, In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000); In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997).

possessed a dangerous weapon during commission of a drug offense. In his motion Holley cites the decision of the Court in Blakely v. Washington, 124 S.Ct. 2531 (2004),[2]

Inasmuch as "it plainly appears from the face of the motion ... and the prior proceedings in the case that the movant is not entitled to relief,"[3] dismissal without requiring a response from the United States is appropriate in this case.

Section 2255 motions are subject to a one-year statute of limitations which generally begins to run on the date a "judgment of conviction becomes final." In this case movant's conviction became final on June 14, 1999, the date the Supreme Court denied his petition for writ of certiorari.[4] While §2255 does provide for restarting the limitation period when the Supreme Court has announced a new rule that is "made retroactively applicable to cases on collateral review,"[5] in its decision in Booker the Court expressly applied its holding only to cases on direct appeal, United States v. Booker, supra at 769 (Breyer, J.), and in its decision in Schriro v. Summerlin, 124 S.Ct. 2519 (2004), a case involving the issue of the retroactivity of Ring v. Arizona, 536 U.S. 584 (2002) and its requirement of a jury determination beyond reasonable doubt, the Court concluded that Ring,

---

[2] Though not cited by petitioner, he would obviously also rely on United States v. Booker, 125 S.Ct. 738 (2005), which applied the principles established in Blakely and Apprendi v. New Jersey, 530 U.S. 466 (2000) to the Federal Sentencing Guidelines.

[3] Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. In this case it "indisputably clear... that the petition is untimely and cannot be salvaged... ." Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002).

[4] See, United States v. Segers, 271 F.3d 181, 185-86 (4th Cir. 2001).

[5] Clearly, none of the other triggering events – an "impediment ... created by governmental action" or newly discovered facts – are present in this case. Nor is there any basis for applying the doctrine of equitable tolling. See, Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000); United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004).

which was based on principles announced in Apprendi,[6] did not announce ""'watershed rules of criminal procedure" implicating the fundamental fairness and accuracy of the criminal proceeding,'" id. at 2524, and would, as a consequence, not be applied retroactively. The Summerlin decision has been viewed by the courts as a clear indication that Booker is not to be applied retroactively, and, while the issue has not been decided by the Court of Appeals for the Fourth Circuit, other courts facing the issue have concluded that Booker is not to be applied retroactively.[7] In light of the fact that Booker is not applicable in this collateral proceeding, there is no basis for concluding that the one-year period of limitation began to run any later than June 14, 1999, the date on which movant's conviction became final. Holley's motion is, as a consequence, barred by §2255's statute of limitations.

## RECOMMENDATION

It being apparent that the motion filed by Holley is untimely by reason of the applicable statute of limitation, it is **RESPECTFULLY RECOMMENDED** that the relief sought in this §2255 proceeding be denied.

---

[6] The Fourth Circuit had, of course, concluded that Apprendi was not to be applied retroactively to cases on collateral review. United States v. Sanders, 247 F.3d 139 (4th Cir. 2001).

[7] See, Rucker v. United States, 2005 WL 331336 (D. Utah 2005); United States v. Bellamy, 2005 WL 1406176 (10th Cir. 2005); Lloyd v. United States, 407 F.3d 608, 610 (3rd Cir. 2005); McReynolds v. United States, 397 F.3d 479 (7th Cir. 2005); Varela v. United States, 400 F3.d 864 (11th Cir. 2005).

Movant and respondent are hereby notified that a copy of these Findings and Recommendation will be submitted to the Honorable Robert J. Staker, Senior United States District Judge, and that, in accordance with the provisions of Rule 8(b), Rules Governing §2255 Cases, the parties may, within thirteen days of the date of filing these Findings and Recommendation, serve and file written objections with the Clerk of this Court, identifying the specific portions of the Findings and Recommendation to which objection is made and the basis for such objection. The judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made in accordance with the provisions of 28 U.S.C. §636(b) and the parties are advised that failure to file timely objections will result in a waiver of their right to appeal from a judgment of the district court based on such Findings and Recommendation. Copies of objections shall be served on all parties with copies of the same to Judge Staker and this Magistrate Judge.

The Clerk is directed to file these Findings and Recommendation and to mail a copy of the same to movant and to Michael Keller, Assistant United States Attorney.

DATED: June 20, 2005

_____
MAURICE G. TAYLOR, JR.
UNITED STATES MAGISTRATE JUDGE